## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HTLF BANK,

     Plaintiff,

v.                                Case No. _____

ROBERT S. O'NIELL,
HIDDEN CANYON, LLC, and
ROBERT R. MUNRO,

     Defendants.

### ORIGINAL COMPLAINT FOR DAMAGES AND FORECLOSURE

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW Plaintiff HTLF Bank, by and through its attorneys, Dickinson Wright, PLLC (David M. Mirazo), and file this Original Complaint for Damages and Foreclosure, and in support thereof would show as follows:

### PARTIES

1.     Plaintiff HTLF Bank ("HTLF Bank") is the successor by merger to New Mexico Bank & Trust. New Mexico Bank & Trust, formerly a New Mexico corporation, merged with HTLF Bank, a Colorado corporation, effective August 18, 2023, with HTLF Bank remaining as the surviving entity and New Mexico Bank & Trust ceasing to exist. By virtue of the merger and its status as successor, HTLF Bank is the owner and holder of all assets previously held by New Mexico Bank & Trust as of the date of the merger, including the promissory notes and mortgages at issue in this lawsuit. HTLF Bank is a Colorado corporation with its principal place of business—including its corporate headquarters—in the State of Colorado.

2.     Defendant Robert S. O'Niell ("Mr. O'Niell" or "Borrower") is a resident of the State of New Mexico, Bernalillo County, and can be served with process at 3324 Betts Ave. NE,

Albuquerque, New Mexico, or wherever he may be found.

3.    Defendant Hidden Canyon, LLC ("Hidden Canyon") is a New Mexico limited liability company, and can be served with process by and through its Registered Agent, April O'Niell at 3324 Betts Ave. NE, Albuquerque, New Mexico, or wherever she may be found.

4.    Defendant Robert R. Munro ("Mr. Munro") is a resident of the State of New Mexico, Bernalillo County, and can be served with process at 4638 Inspiration Dr., S.E., Albuquerque, New Mexico, or wherever he may be found.

**JURISDICTIONAL ALLEGATIONS**

5.    HTLF Bank is a Colorado corporation with its principal place of business in Colorado and is therefore a citizen of the State of Colorado.

6.    Borrower resides and transacts business in the State of New Mexico and is subject to the personal jurisdiction of this Court for all claims asserted herein. Borrower is a citizen of the State of New Mexico. Additionally, in-rem jurisdiction is appropriate as to the property at issue in this foreclosure action, because the property is located in the State of New Mexico.

7.    Hidden Canyon is a New Mexico limited liability company with its principal place of business in the State of New Mexico. As a New Mexico limited liability company, Hidden Canyon is subject to the personal jurisdiction of this Court for all claims asserted herein. Upon information and belief, the members of Hidden Canyon are Mr. O'Niell and his wife, April O'Niell. Both members of Hidden Canyon are residents and citizens of the State of New Mexico, and Hidden Canyon is therefore a citizen of the State of New Mexico. Upon information and belief, no member of Hidden Canyon is a citizen of the State of the State of Colorado.

8.    Mr. Munro resides and transacts business in the State of New Mexico and is subject to the personal jurisdiction of this Court for all claims asserted herein. Mr. Munro is a

citizen of the State of New Mexico.

9.     Subject-matter jurisdiction of this cause is based upon diversity jurisdiction under 28 U.S.C. § 1332, because the only Plaintiff, HTLF Bank, does not share citizenship with any Defendant and because the amount in controversy regarding the foreclosure claims against Borrower is over $75,000. Additionally, the amount in controversy as to all of HTLF Bank's claims is in excess of $75,000 given the value of the property at issue and the amounts owed on the promissory notes made the subject of this case.

10.     Furthermore, the Court has supplemental jurisdiction over HTLF Bank's claims asserted against Mr. Munro because those claims arise out of the same case or controversy— specifically the dispute over the property at issue in this litigation—as the claims over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367(a)-(b); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

11.     This Court also has federal question jurisdiction under 28 U.S.C § 1331, because the defaults alleged hereunder arise under federal law. Specifically, the use of the property at issue in this case is in violation of the Controlled Substances Act of 1970. *See* 21 U.S.C. § 841(a)(1) (making it illegal to "manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute, or dispense a 'controlled substance'); 21 U.S.C. §802(6) (defining "controlled substance" as a "drug or other substance"… "included in Schedule I"); 21 U.S.C. § 812 Schedule I (c) (10) (listing marihuana as a Schedule I controlled substance).

12.     Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in New Mexico, namely in Bernalillo County, and the property at issue in this case is located in Bernalillo County, New Mexico.

## FACTUAL BACKGROUND

13.     On February 16, 2016, for good and valuable consideration, Borrower executed and delivered to HTLF Bank a Promissory Note (the "2016 Note") evidencing a debt in the principal sum of $217,500.00 with a variable interest rate as described in the 2016 Note. A true and correct copy of the 2016 Note is attached hereto as Exhibit A.

14.     The 2016 Note was secured by a Mortgage dated February 16, 2016, recorded on the same day, and corrected and re-recorded on March 28, 2016 as Instrument Number 2016027735 in the Official Records of Bernalillo County, New Mexico (the "2016 Mortgage"). A true and correct copy of the 2016 Mortgage is attached hereto as Exhibit B. The real property securing the 2016 Note is commonly known as 7016 B, 2nd Street NW, Albuquerque, New Mexico 87107 and is more particularly described as:

> Tract lettered C-2 of G.H.S. SUBDIVISION, as the same is shown and designated on the Land Division Plat thereof filed in the office of the County Clerk of Bernalillo County, New Mexico on June 23, 1976 in Book A5, page 206.

15.     The real property made the subject of the 2016 Note and the 2016 Mortgage is hereinafter referred to as "Tract C-2". In connection with the 2016 Note and the 2016 Mortgage, Borrower and his wife singed a Sole and Separate Property Agreement certifying to HTLF Bank that Tract C-2 is Borrower's sole and separate property. A true and correct copy of the 2016 Sole and Separate Property Agreement is attached hereto as Exhibit C. HTLF Bank is the owner and holder of the 2016 Note and 2016 Mortgage and all rights thereunder. The debt evidenced by the

2016 Note and the 2016 Mortgage was assigned Loan Number 9315201635 by HTLF Bank.

16.     On September 8, 2020, for good and valuable consideration, Borrower executed and delivered to HTLF Bank a Promissory Note (the "2020 Note") evidencing a debt in the principal sum of $225,000.00 with a variable interest rate as described in the 2020 Note. A true and correct copy of the 2020 Note is attached hereto as Exhibit D.

17.     The 2020 Note was secured by a Mortgage dated September 8, 2020 recorded on September 11, 2020 as Instrument Number 2020088093 in the Official Records of Bernalillo County, New Mexico (the "2020 Mortgage"). A true and correct copy of the 2020 Mortgage is attached hereto as Exhibit E. The real property securing the 2020 Note is commonly known as 7016 C, 2nd Street NW, Albuquerque, New Mexico 87107 and is more particularly described as:

> Tract lettered C-3 of G.H.S. SUBDIVISION, as the same is shown and designated on the Land Division Plat thereof filed in the office of the County Clerk of nrniln runr. [sic] New Mexico on June 23, 1976.

18.     The real property made the subject of the 2020 Note and the 2020 Mortgage is hereinafter referred to as "Tract C-3". In connection with the 2020 Note and the 2020 Mortgage, Borrower and his wife singed a Sole and Separate Property Agreement certifying to HTLF Bank that Tract C-3 is Borrower's sole and separate property. A true and correct copy of the 2020 Sole and Separate Property Agreement is attached hereto as Exhibit F. HTLF Bank is the owner and holder of the 2020 Note and 2020 Mortgage and all rights thereunder. The debt evidenced by the 2020 Note and the 2020 Mortgage was assigned Loan Number 511450279 by HTLF Bank.

19.     Tract C-2 and Tract C-3 are security for the 2016 Note and the 2020 Note, respectively, and are hereinafter referred to collectively as the "Mortgaged Property". The Mortgaged Property (Tracts C-2 and C-3) were re-plated by Borrower into Tract C-2A, being a Replat of Tracts C-2 and C-3, G.H.S. Subdivision, as shown in the Plat recorded as Instrument

Number 2022103528 in the Plat Records of Bernalillo County on December 2, 2022 (the "Replat"). A true and correct copy of the Replat of the Mortgaged Property is attached hereto as Exhibit G. The Replat was done by Borrower without HTLF Bank's prior written consent.

20.     The 2016 Mortgage and the 2020 Mortgage require that Borrower comply at all times with "all laws, ordinances and regulations," including all federal laws regulating the use of cannabis, as follows:

> **Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

21.     Notwithstanding this express requirement, upon information and belief, Borrower is using Mortgaged Property to cultivate, process cannabis, which is a violation of federal law and a non-curable default under the 2106 Mortgage and 2020 Mortgage. *See e.g.,* 21 U.S.C. § 812 Schedule I (c)(10) (listing marihuana under Schedule I of the Controlled Substances Act).

22.     The 2016 Mortgage and the 2020 Mortgage also contain a due on sale clause, which prohibits the transfer of title to the subject properties without HTLF Bank's prior written consent, as follows:

> **DUE ON SALE - CONSENT BY LENDER.** Except as otherwise provided in Section 48-7-20 NMSA 1978, as amended, Lender may, at Lender's option, declare immediately due and payable all sums secured by this Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by New Mexico law.

23.     Notwithstanding this express requirement, Borrower re-plated the Mortgaged Property without HTLF Bank's prior written consent, which constitutes a default under the 2016 Mortgage and 2020 Mortgage. Following the Replat, Borrower also transferred title to the Mortgaged Property to Hidden Canyon by Special Warranty Deed recorded on May 1, 2023 and corrected and re-recorded on July 7, 2023 as Instrument Number 2023043086 in the Official

Records of Bernalillo County, New Mexico. A true and correct copy of the Corrected Special Warranty Deed is attached hereto as Exhibit H. Borrower's transfer of title to the Mortgaged Property is an incurable default under the 2106 Mortgage and 2020 Mortgage.

24.    The 2016 Mortgage and the 2020 Mortgage also prohibit defaults by Borrower with respect to obligations to third parties, as follows:

> **Default in Favor of Third Parties.**  Should Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to repay the Indebtedness or Grantor's ability to perform Grantor's obligations under this Mortgage or any of the Related Documents.

25.    Notwithstanding this express requirement, Borrower defaulted on his obligations to Mr. Munro, who obtained a Judgment against Borrower in the amount of $5,700,000 in Cause No. D-202-CV-2020-04418 in the Second Judicial District Court of the State of New Mexico, as evidenced by a Transcript of Judgment recorded on March 7, 2023 as Instrument Number 2023013616 in the Official Records of Bernalillo County, New Mexico (the "Judgment"). The Judgment entered against Borrower constitutes an incurable default under the 2016 Mortgage and 2020 Mortgage.

26.    The 2016 Mortgage and the 2020 Mortgage also provide that an adverse change in the financial condition of Borrower constitutes an event of default:

> **Adverse Change.**  A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

27.    The Judgment entered against Borrower constitutes a material change in Borrower's financial condition and therefore a default under the 2016 Mortgage and the 2020 Mortgage.

28.    The above-described defaults under the 2016 Mortgage and 2020 Mortgage are also defaults under the 2016 Note and 2020 Note. Borrower is in default of all four instruments and said defaults cannot be cured. HTLF Bank accelerated the 2016 Note and the 2020 Note by letter to Borrower dated September 29, 2023. A true and correct copy of the notice of default and

acceleration is attached hereto as Exhibit I. Despite demand, Borrower has refused to pay the outstanding amounts owed under the 2016 Note and 2020 Note.

29.    HTLF Bank brings this lawsuit to enforce its rights under the 2016 Note, 2016 Mortgage, 2020 Note, and 2020 Mortgage, and foreclose on the Mortgaged Property.

30.    Further, HTLF Bank seeks a declaration that Mr. Munro's interest in the Mortgaged Property pursuant to the Judgment, is subsequent and inferior to HTLF Bank's 2016 Mortgage and 2020 Mortgage, and is subordinate and to be extinguished by the foreclosure sought herein.

### COUNT I – BREACH OF 2016 NOTE & 2016 MORTGAGE

31.    HTLF Bank re-alleges all the foregoing allegations in this Complaint as if incorporated herein.

32.    The above-described defaults constitute a material breach of the 2016 Note and 2016 Mortgage (Loan Number 9315201635). Although demand has been made upon Borrower for payment of the balance of the 2016 Note, he has failed and refused to pay the amounts owed thereunder. There is due to HTLF Bank the unpaid principal sum of $120,589.90, plus interest in the amount of $15.07, plus late fees in the amount of $83.55, for a total of $120,697.52, as of November 17, 2023. Interest continues to accrue at the rate of $15.074862 per day until the loan balance is paid; provided, however, that HTLF Bank is entitled to recover the default interest rate under the 2016 Note and 2016 Mortgage.

33.    HTLF Bank seeks to recover these amounts, plus attorney's fees, costs of court, and pre-judgment and post-judgment interest, pursuant to the terms of the 2016 Note and 2016 Mortgage.

## COUNT II – BREACH OF 2020 NOTE & 2020 MORTGAGE

34.    HTLF Bank re-alleges all the foregoing allegations in this Complaint as if incorporated herein.

35.    The above-described defaults constitute a material breach of the 2020 Note and 2020 Mortgage (Loan Number 511450279). Although demand has been made upon Borrower for payment of the balance of the 2020 Note, he has failed and refused to pay the amounts owed thereunder.  There is due to HTLF Bank the unpaid principal sum of $225,000.00, plus interest in the amount of $253.12, for a total of $225,253.12, as of November 17, 2023.  Interest continues to accrue at the rate of $28.125 per day until the loan balance is paid; provided, however, that HTLF Bank is entitled to recover the default interest rate under the 2020 Note and 2020 Mortgage.

36.    HTLF Bank seeks to recover these amounts, plus attorney's fees, costs of court, and pre-judgment and post-judgment interest, pursuant to the terms of the 2020 Note and 2020 Mortgage.

## COUNT III – DECLARATORY JUDGMENT

37.    HTLF Bank re-alleges all the foregoing allegations in this Complaint as if incorporated herein.

38.    Pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, HTLF Bank seeks a judicial declaration Mr. Munro's interest in the Mortgaged Property pursuant to the Judgment is subsequent and inferior to HTLF Bank's 2016 Mortgage and 2020 Mortgage, and is subordinate and to be extinguished by the foreclosure sought herein.

## COUNT IV – FORECLOSURE OF MORTGAGED PROPERTY

39.    HTLF Bank re-alleges all the foregoing allegations in this Complaint as if

incorporated herein.

40.     The 2016 Mortgage and 2020 Mortgage provide that if there is any default in the obligations therein, the entire principal sum with accrued interest on the 2016 Note and 2020 Note shall become due and payable at the option of the holder of the 2016 Mortgage and 2020 Mortgage, and the Mortgaged Property may be foreclosed in accordance with the law. Borrower is in default on the 2016 Note and 2016 Mortgage, as well as the 2020 Note and 2020 Mortgage, as described above, and all obligations thereunder have been accelerated.

41.     HTLF Bank requests that the Mortgaged Property be foreclosed and all said real estate, be ordered sold in accordance with the laws, rules and practices of this Court to the highest bidder, for cash, and that a special master be appointed to conduct such sale.

42.     The proceeds of the sale should be applied to the costs of the special master's sale first, then to HTLF Bank's attorney's fees, and then to the amounts owed under the 2016 Note and 2020 Note. Should the proceeds of the sale be insufficient to satisfy the loans, HTLF Bank requests that a deficiency judgment be entered in favor of HTLF Bank over and against Borrower.

43.     HTLF Bank further requests that the 2016 Mortgage and the 2020 Mortgage of HTLF Bank be adjudged a first lien on the Mortgaged Property for the amounts set forth above and that it be adjudged paramount and superior to the interests of any Defendant whose interests should be foreclosed, including any interest of Mr. Munro pursuant to the Judgment.

44.     HTLF Bank further requests that any Defendant and any persons claiming by, through or under them, be barred and forever foreclosed of all right, interest, or claim in or to the Mortgaged Property.

45.     HTLF Bank further requests that it be given the right to become a purchaser by

bidding its judgment in lieu of cash at the judicial sale, and that the purchaser at the sale be let into possession of the Property following the sale.

WHEREFORE, PREMISES CONSIDERED, HTLF Bank respectfully requests that it be granted a judgment for damages, attorney's fees, costs, and interest, as set forth above, declaratory relief as set forth above, a judgment for foreclosure as set forth above, and, if applicable a deficiency judgment as set forth above, and for any other further relief to which HTLF may be entitled.

Respectfully submitted,

**Dickinson Wright PLLC**
221 North Kansas Street, Suite 2000
El Paso, Texas 79901
Tel: (915) 541-9319
Fax: (844) 670-6009

By: */s/ David M. Mirazo*
   **David Mirazo**
   New Mexico Bar No. 24733
   Dmirazo@dickinson-wright.com

***Attorneys for Plaintiff HTLF Bank***