IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RH FUND 28, LLC,

    Plaintiff,

v.

No. 1:23-CV-01023-MIS-KRS

ROBERT S. O'NIELL, HIDDEN CANYON, LLC, RSO 1, LLC, and ROBERT R. MUNRO,

    Defendants,
and

ROBERT R. MUNRO,

    Counter-Plaintiff & Cross-Claimant,

v.

RH FUND 28, LLC,

    Counter-Defendant,

v.

ROBERT S. O'NIELL, HIDDEN CANYON, LLC, and RSO 1, LLC,

    Cross-Defendants.

**ORDER GRANTING MUNRO'S MOTION FOR SUMMARY JUDGMENT ON CROSSCLAIM AGAINST HIDDEN CANYON, GRANTING MUNRO'S MOTION FOR SUMMARY JUDGMENT ON CROSSCLAIM AGAINST ROBERT O'NIELL, AND REFERING CASE TO MAGISTRATE JUDGE KEVIN R. SWEAZEA FOR FORECLOSURE PROCEEDINGS**

**THIS MATTER** is before the Court on Cross-Claimant Robert R. Munro's ("Munro") Motion for Summary Judgment on Crossclaim Against Hidden Canyon, ECF No. 39, and Motion for Summary Judgment on Crossclaim Against Robert O'Niell, ECF No. 40. Cross-Defendant Robert O'Niell ("O'Niell") responded, ECF No. 50, and Munro replied, ECF No. 62. Cross-

1

Defendant Hidden Canyon, LLC ("Hidden Canyon") responded, ECF No. 54, and Munro replied, ECF No. 61. Upon due consideration of the parties' submissions, the record, and the relevant law the Court will **GRANT** the Motions.

I.      INTRODUCTION

According to the First Amended Complaint,[1] on February 16, 2016, O'Niell signed a promissory note to HTLF Bank to secure a mortgage for property commonly known as 7016 B, Second Street NW, Albuquerque, New Mexico, 87107. First Am. Compl. for Damages and Foreclosure, ECF No. 12 ¶¶ 17-19. The mortgage was properly recorded on March 28, 2016. *Id.* ¶ 18. On September 8, 2020, O'Niell signed a promissory note to HTLF Bank to secure a mortgage for property commonly known as 7016 C, Second Street NW, Albuquerque, New Mexico, 87107. *Id.* ¶¶ 20-22. This second mortgage was recorded on September 11, 2020. *Id.* ¶ 21. On December 2, 2022, O'Niell re-platted the 2016 and 2020 mortgaged properties into a single tract ("O'Niell property"), *id.* ¶ 23, commonly known as 7016 B Second Street, Albuquerque, New Mexico 87107, and legally described as

> Tracts C-2 and C-3, G.H.S. Subdivision, as the same are shown and designated on the plat entitled "LAND DIVISION PLAT, SUMMARY SUBDIVISION, G.H.S. SUBDIVISION, REPLAT OF TRACT C, LANDS OF DUB YARBROUGH AS SHOWN ON THE PLAT OF TRACT A-1, ARTHUR JACKSON SUBDIVISION AND TRACTS A-1, B, AND C, LAND OF DUB YARBROUGH AS FILED IN THE OFFICE OF THE COUNTY CLERK, BERNALILLO COUNTY, ON JULY 2, 1975, NEW TRACTS DESIGNATED AS TRACTS C-1, C-2 AND C-3", filed in the office of the County Clerk of Bernalillo County, New Mexico, on June 23, 1976, in Volume A5, Folio 206.

ECF No. 12-7 at 2-4; ECF No. 39-6 at 3; ECF No. 39-7 at 1.

---

[1] Any use of facts alleged in the First Amended Complaint is for context and narrative purposes only.

2

## II. UNDISPUTED FACTS

On March 3, 2023, Munro obtained a judgment against O'Niell in the Second Judicial District Court of Bernalillo County.[2, 3] Cross-Claimant's Material Facts ("CMF"), ECF No. 39 at 2, CMF ¶ 1 (citing ECF No. 39-1); *see also* ECF No. 40 at 2; ECF No. 54 at 6; ECF No. 50 at 5. On March 7, 2023, Munro obtained a Transcript of Judgment against O'Niell. ECF No. 39 at 2, CMF ¶¶ 2-3 (citing ECF No. 39-2; ECF No. 39-3; ECF No. 39-4; ECF No. 39-5). The parties dispute whether the judgment placed a lien on all property owned by O'Niell in Bernalillo County. However, for reasons discussed in section V *infra*, the dispute is not genuine.

On April 28, 2023, O'Niell conveyed the O'Niell property to Hidden Canyon. ECF No. 39 at 2, CMF ¶ 4 (citing ECF No. 39-6); *see also* ECF No. 40 at 2; ECF No. 54 at 7; ECF No. 50 at 6. On December 7, 2023, the Second Judicial District Court of Bernalillo County issued a writ of garnishment, ordering Hidden Canyon to pay Munro any monies owed to it by O'Niell. ECF No. 39 at 2, CMF ¶ 7 (citing Judgment on Writ of Garnishment, Claim of Exemption and Order to Pay, *Munro v. O'Niell*, Case No. D-202-CV-2020-04418 (2d Jud. Dist. Ct., Bernalillo Cnty. Dec. 7, 2023)), ECF No. 39-12; ECF No. 54 at 8.

## III. PROCEDURAL HISTORY

On November 20, 2023, HTLF Bank filed a complaint for damages and foreclosure against Defendants O'Niell, Hidden Canyon, RSO 1 LLC, and Munro. ECF No. 1. On December

---

[2] For purposes of these Motions for Summary Judgment, the Court resolves all doubts against the movant, construes all admissible evidence in the light most favorable to the nonmovants, and draws all reasonable inferences in favor of the nonmovants. *See* Section IV *infra*.
  The Court has chosen to include only proffered facts that are material to the present Motion or helpful for background purposes. To the extent a fact has been omitted, the Court hereby deems such fact immaterial to the present Motion. In addition, per Local Rule 56.1(b), all material facts set forth in the motion for summary judgment and response will be deemed undisputed unless specifically controverted. D.N.M.LR-Civ. 56.1(b).

[3] O'Niell and Hidden Canyon dispute the amount that remains to satisfy the judgment. *Compare* ECF No. 39 at 2, CMF ¶ 1, *and* ECF No. 40 at 2, *with* ECF No. 54 at 6, *and* ECF No. 50 at 5.

28, 2023, Green Prairies, LLC purchased financial instruments from HTLF Bank, including the mortgage and note on the O'Niell property. ECF No. 12 ¶¶ 1-2, 33, 39. On February 2, 2024, the Court substituted Green Prairies, LLC for HTLF Bank as party plaintiff. ECF No. 11.

On February 7, 2024, Green Prairies LLC filed an Amended Complaint against all Defendants for, *inter alia*, issues related to its lien on the O'Niell property. ECF No. 12. The Court subsequently ordered RH Fund 28, LLC ("RH Fund 28") substituted for Green Prairies, LLC, and all pleadings by or against Green Prairies, LLC are deemed to be by or against RH Fund 28. ECF No. 53.

On March 14, 2024, Munro answered with (1) a crossclaim against O'Niell and Hidden Canyon as a judgment creditor with a perfected judgment lien against the O'Niell property, ECF No. 16 at 2-3, and (2) a counterclaim against RH Fund 28 for the same, *id.* at 3-6.

On May 28, 2024, Munro filed a Motion for Summary Judgment on Crossclaim Against Hidden Canyon for foreclosure on the O'Niell property. ECF No. 39. On June 28, 2024, Hidden Canyon filed its response. ECF No. 54. On July 26, 2024, Munro filed his reply. ECF No. 61.

On May 30, 2024, Munro filed a Motion for Summary Judgment on Crossclaim Against Robert O'Niell for foreclosure on the O'Niell property. ECF No. 40. On June 19, 2024, O'Niell filed his response. ECF No. 50. On July 26, 2024, Munro filed his reply. ECF No. 62

## IV.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once that threshold is met, the nonmoving party must designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. In applying the summary judgment standard, the court "view[s] the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Parker Excavating, Inc. v. Lafarge W., Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017) (citation omitted).

## V.   DISCUSSION

As a preliminary matter, although O'Niell and Hidden Canyon purport to dispute that Munro placed a valid judgment lien on the O'Niell property, the Court finds that the dispute is not genuine because O'Niell and Hidden Canyon provide no evidence supporting this affirmative defense. Under New Mexico law,

> Any money judgment rendered in the supreme court, court of appeals, district court or metropolitan court shall be docketed by the clerk of the court and a transcript or abstract of judgment may be issued by the clerk upon request of the parties. *The judgment shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript of the judgment in the office of the county clerk of the county in which the real estate is situate.* Upon approval and filing of a supersedeas bond upon appeal of the cause as provided by law, the lien shall be void. Judgment shall be enforced for not more than fourteen years thereof.

N.M. Stat. Ann § 39-1-6; *see also Pugh v. Heating & Plumbing Fin. Corp.*, 161 P.2d 714, 722 (N.M. 1945) (emphasis added) (recognizing that a transcript does not become a lien until all statutory requirements met). Thus, filing a Transcript of Judgment in the office of the county clerk places a lien on all real estate owned by the debtor in that county. *See Scheer v. Stolz*, 72 P.2d 606, 608 (N.M. 1937).

5

Here, Munro obtained a Transcript of Judgment against O'Niell on March 3, 2023, and filed the transcript with the Bernalillo County Clerk on the same day. Tr. of J., *Munro v. O'Niell*, No. D-202-CV-2020-04418, ECF No. 39-2 (recorded by Linda Stover, Bernalillo County Clerk, on March 7, 2023). At the time that the Bernalillo County Clerk recorded the Transcript of Judgment, O'Niell owned the O'Niell property, a property in Bernalillo County. *See* Sole and Separate Prop. Agreement and Conv. (Feb. 16, 2016), ECF No. 39-3; Sole and Separate Prop. Agreement and Conv. (Sept. 9, 2020), ECF No. 39-4; Plat of Tract C-2A G.H.S. Subdivision, Bernalillo County, New Mexico, Case No. SRP2022-0086 (May 12, 2022), ECF No. 39-5; *see also* ECF No. 39 at 2, CMF ¶ 3; ECF No. 54 at 7 ("The fact of Rob's ownership of real property is not disputed[.]"). Because O'Niell and Hidden Canyon have provided no evidence to the contrary, their purported dispute is not genuine. *See Comm. for First Am. v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992) (citing *Anderson*, 477 U.S. at 257). Therefore, Munro's judgment lien was properly fixed onto the O'Niell property on March 7, 2023. *See Pugh*, 161 P.2d at 722.

Turning to the merits, Munro moves for summary judgment on his crossclaims against Hidden Canyon and O'Niell to exert his right to foreclose on the O'Niell property, arguing that their defenses to the crossclaim are insufficient as a matter of law. ECF No. 39 at 1; ECF No. 40 at 1. The Court considers each motion in turn and finds that Munro is entitled to summary judgment on both motions to the extent that Munro has a right to foreclose on the O'Niell property.

> A.  **Munro's Motion for Summary Judgment on Crossclaim Against Hidden Canyon, ECF No. 39**

Munro argues that the recording of the Transcript of Judgment "created a lien on all real property owned by O'Niell in Bernalillo County as of the date of the TOJ, which the Plaintiff is

entitled to foreclose." ECF No. 39 at 2 (citing N.M. Stat. Ann § 39-4-13). He adds that he is entitled to foreclose on the judgement lien now because O'Niell has not obtained a supersedeas or stay of execution pending appeal, *id.* at 3, and his interest in the O'Niell property was fixed prior to, and therefore survives, the property's conveyance to Hidden Canyon, *see id.* (citing *Sylvanus v. Pruett*, 9 P.2d 142, 142 (N.M. 1932); *F & S Co., Inc. v. Gentry*, 702 P.2d 999, 1000 (N.M. 1985)). Munro also argues that Hidden Canyon's asserted affirmative defenses "fail as a matter of law and are in fact frivolous." *Id.*

Hidden Canyon argues that: (1) discovery is not yet complete, leaving probable facts unavailable for consideration in this Motion, ECF No. 54 at 10-12; (2) genuine issues of material fact exist as to the affirmative defenses of res judicata, election of remedies available to Cross-claimant, and the doctrine of marshalling of assets, *id.* 12-15; and (3) the Court should decline to exercise supplemental jurisdiction over Munro's crossclaims because the O'Niell property is already subject to a prior *in rem* action in state court, the interests of a third-party lessee are implicated, and foreclosure implicates a novel issue in state law, namely the New Mexico Cannabis Regulation Act[4], *see id.* at 15-18.

The Court addresses each of Hidden Canyon's arguments or affirmative defenses in turn.

### 1. Timeliness of Motion for Summary Judgment

Hidden Canyon argues that "[s]ummary judgment should not be granted where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* at 10 (quoting *Comm. for First Am.*, 962 F.2d at 1521 (quotation marks omitted)). Hidden Canyon appears to request that the Court exercise its discretion under Federal

---

[4] Hidden Canyon asserts that a lesee uses the O'Niell property as a cannabis growing facility licensed under the Act, which the Court will discuss *infra*.

Rule of Civil Procedure 56(d) to defer ruling on summary judgment to conduct additional discovery. *See id.* at 11 (citing *Green v. Padilla*, No. CIV 19-0751 JB/JFR, 2023 WL 6540904, at *38 (D.N.M. Oct. 6, 2023); *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 968 (10th Cir. 2021)). Hidden Canyon argues that the remaining probable facts are: (1) "the status of the ownership of the notes at issue"; (2) "the order of priority of the various claimed liens and creditors"; (3) "the actual amount, if any, that Hidden Canyon as garnishee owes Munro"; (4) "the potential disposition of the subject property if any party is permitted to foreclose and take control of the property"; and (5) "the effect of the rights of the lessee." *Id.* (citing Wainwright Decl., ECF No. 54-6 ¶¶ 5-6, 7, 9).

Munro replies that the discovery issues listed are related to RH Fund 28's foreclosure claim and immaterial to Munro's foreclosure of his judgment lien. ECF No. 61 at 1-3.

While these probable facts may be material for the disposition of proceeds and property after foreclosure in RH Fund 28's mortgage claim, they are not material to the issue at bench— whether Munro has a right to foreclose on the O'Niell property as a judgment lien holder. *See* N.M. Stat. Ann. § 39-4-13. First, the ownership of any notes or mortgages attached to the property does not affect the right of a judgment lien holder to foreclose on the property. *See id.* ("Any person holding a judgment lien on any real estate situated in this state may subject said real estate to the payment of his judgment by a foreclosure suit in any court of competent jurisdiction . . . ."). Second, similarly, the order of priority does not affect a judgment lienholder's statutory right to foreclose on a valid lien. *See id.*; *see also Bank of Santa Fe v. Garcia*, 698 P.2d 458, 459 (N.M. Ct. App. 1985). Third, garnishment on monies owed to O'Niell by Hidden Canyon is related to remedy for breach of contract in state court proceedings and is distinguishable from the rights attached to a judgment lien. *See Pugh*, 161 P.2d at 722. Fourth,

potential disposition of property should a party exercise their right of redemption does not preclude Munro's right to foreclose. Finally, the interests and rights of a lessee are discussed *infra* as part of any equitable considerations, but those considerations do not affect whether Munro has a statutory right to foreclose on the O'Niell property. *See* N.M. Stat. Ann. § 39-4-13.

For these reasons, the facts that Hidden Canyon argues require discovery are not essential or material to Hidden Canyon's opposition to this Motion. *See MTGLQ Invs., LP v. Wellington*, Civ. No. 17-487 KG/LF, 2019 WL 4600196, at *8 (D.N.M. Sept. 23, 2019) (ordering that a judgement of foreclosure will be filed separately from the order granting summary judgment, after a proposal and objection period); *see also MTGLQ Invs., LP v. Wellington*, No. 19-2162, 2019 WL 8331671 (10th Cir. Nov. 25, 2019) (finding an appeal premature and dismissing for lack of jurisdiction).

### 2. Affirmative defenses

Hidden Canyon asserts the following affirmative defenses: (1) that the Transcript of Judgment "does not act as a valid lien against any assets owed [sic] by Hidden Canyon[,]" ECF No. 20 ¶ 7; (2) that a previous garnishment action precludes recovery under a theory of election of remedies, *id.* ¶ 8; (3) doctrines of waiver, estoppel, res judicata, payment, and collateral estoppel, *id.* ¶ 9; (4) that the O'Niell property is a cannabis facility subject to New Mexico cannabis laws on ownership, *id.* ¶ 10; (5) equitable estoppel, *id.* ¶ 11; (6) and any other equitable argument, *see id.* ¶ 11. In its response, however, Hidden Canyon argues only election of remedies, res judicata, and marshaling of assets. ECF No. 54 at 12. The Court addresses these three defenses and makes no determination on any potential defenses not argued.

### a. Election of remedies theory

Hidden Canyon argues that Munro's March 3, 2023, judgment, *see* ECF No. 54 at 6; ECF No. 50 at 5; *see also* ECF No. 39 at 2, CMF ¶ 1 (citing ECF No. 39-1), allows garnishment or foreclosure against Hidden Canyon but not both, *see* ECF No. 54 at 13-14, because the doctrine of election of remedies "prevents a party from obtaining double redress for a single wrong." *Id.* (quoting *Morris v. Giant Four Corners, Inc.*, 378 F. Supp. 3d 1040, 1046 (D.N.M. 2019)); *see also id.* at 14 (citing *Reynolds v. Slaughter,* 541 F.2d 254, 255-56 (10th Cir. 1976); *Branch v. Chamisa Dev. Corp. Ltd.*, 223 P.3d 942, 947 (N.M. Ct. App. 2009); *Chavarria v. Fleetwood Retail Corp. of N.M.*, 115 P.3d 799, 805 (N.M. Ct. App. 2005)).

Munro argues that election of remedies does not apply because garnishment and foreclosure are not inconsistent remedies arising from the same cause of action. ECF No. 61 at 7-8 (citing *Romero v. J.W. Jones Const. Co.*, 651 P.2d 1302, 1305 (N.M. Ct. App. 1982).

Under New Mexico law, recording a Transcript of Judgment is a statutory right distinguishable from any remedy provided by judgment, each being their own cause of action. *See W. States Collection Co. v. Shain*, 490 P.2d 461, 462 (N.M. 1971) (citing *Pugh*, 161 P.2d at 722); *see also Curtis Mfg. Co. v. Barela*, 415 P.2d 361, 363 (N.M. 1966). Garnishment of O'Niell's earnings from Hidden Canyon is a remedy separate from the cause of action of foreclosing on the judgment lien placed on the O'Niell property. *See Pugh*, 161 P.2d at 722. Double recovery is not a jeopardy, as Hidden Canyon claims, because the garnishment and foreclosure arise from different causes of action. Additionally, barring any other statutory limitations, a judgment lien expires with the judgment; meaning that once the judgment is satisfied, the lien is no longer valid and Munro can only collect on the money he is owed. *Id.* at 722. Therefore, the election of remedies doctrine does not apply in this case.

### b. Doctrines of waiver, estoppel, res judicata, payment, and collateral estoppel

Hidden Canyon argues that the doctrine of res judicata applies because Hidden Canyon is a party to the state case in which it received a Writ of Garnishment, and that "the garnishment action addresses the same relief sought in this [foreclosure] action[.]" ECF No. 54 at 12-13 (citing *Field v. Sammis*, 73 P. 617, 619 (N.M. 1903); *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)).

Munro argues that in exercising the Writ of Garnishment, Munro was exerting the rights of O'Niell against Hidden Canyon, which are separate from Munro's own rights in foreclosing on the judgment lien against Hidden Canyon. *See* ECF No. 61 at 6-7 (citing *Kirby v. Guardian Life Ins. Co. of Am.*, 231 P.3d 87, 96-97, 98 (N.M. 2010); *Deflon v. Sawyers*, 137 P.3d 577, 579-80 (N.M. 2006); *Pena v. Trujillo*, 871 P.2d 1377, 1377-78 (N.M. Ct. App. 1994); *Jemko, Inc. v. Liaghat*, 738 P.2d 922, 924 (N.M. Ct. App. 1987)).

Under New Mexico law, the party asserting res judicata must establish that: "(1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits." *Potter v. Pierce*, 342 P.3d 54, 57 (N.M. 2015); *see also Deflon*, 137 P.3d at 580. Of the four factors, the Court only addresses the fourth—whether the same cause of action is involved in both suits—because it is so clearly not met.

New Mexico courts and the Tenth Circuit use a "transactional approach" in which issues arising from a "common nucleus of operative facts" are a single cause of action. *Potter*, 342 P.3d at 57 (determining that facts form a common nucleus "considering (1) how they are related in time, space, or origin, (2) whether, taken together, they form a convenient trial unit, and (3)

whether their "treatment as a single unit conforms to the parties' expectations or business understanding or usage") (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335-36 (10th Cir. 1988).

As a preliminary matter, Hidden Canyon has cited no authority, and the Court has found none, to establish that two forms of available relief, such as garnishment and a judgment lien, are the same cause of action in New Mexico. Garnishment is a remedy, ancillary to the original civil suit, but it is also an independent proceeding that implicates different parties and different rights. *See Pena*, 871 P.2d at 1377; *see also Kirby*, 231 P.2d at 97; *Jemko*, 738 P.2d at 926. A judgment lien is a statutory right separate from its originating judgment, and New Mexico courts deem that foreclosure of a judgment lien and enforcement of a judgment are different causes of action. *Curtis*, 415 P.2d at 363. The subject matter of the Writ of Garnishment against Hidden Canyon is money held by Hidden Canyon owed to O'Niell. The subject matter of the judgment lien is real property owned by Hidden Canyon. Munro is exerting different rights over different subject matter in executing the Writ of Garnishment and in foreclosing on the judgment lien. Therefore, the remedy of garnishment and the foreclosure on the lien do not arise form a common nucleus of operative facts, and the enforcement of one does not bar the enforcement of the other under the doctrine of res judicata.

### c. Marshaling of assets

Hidden Canyon argues that the Court should apply the equitable doctrine of marshaling because Munro and RH Fund 28 are competing creditors, "Rob, April, and Hidden Canyon have several assets Munro is seeking," and Munro has a legal right to make claims against multiple funds. *See* ECF No. 54 at 14-15 (citing *In re Carson*, 374 B.R. 247, 249 (B.A.P. 10th Cir. 2007)).

Munro replies that Hidden Canyon and Munro are not competing creditors and Hidden Canyon does not have standing to assert the doctrine of marshaling on behalf of RH Fund 28. *See* ECF No. 61 at 8-9 (citing *Seasons, Inc. v. Atwell*, 527 P.2d 792, 796 (N.M. 1974)).

Hidden Canyon's argument is meritless because the purpose of marshaling is to protect a junior lienholder when two funds are available to satisfy debts owed to a second creditor. *See Seasons*, 527 P.2d at 796; *see also Carson*, 374 B.R. at 249. As mortgagee, RH Fund 28 allegedly perfected its liens on the O'Niell property on or before September 11, 2020—prior, and therefore senior, to Munro's judgment lien. *See* ECF No. 12 ¶¶ 18, 21; N.M. Stat. Ann. § 48-7-9. Additionally, Hidden Canyon generally mentions several funds belonging to several different parties that may be available to Munro as a creditor, but it has not shown that there are two funds belonging to the same debtor, an essential element of marshalling. *See Carson*, 347 B.R. at 250. Therefore, the Court finds that applying the doctrine of marshalling unwarranted.

### 3. Court discretion to exercise jurisdiction

Hidden Canyon argues that the first-in-time rule applies because the State of New Mexico was the first to exercise jurisdiction over the O'Niell property as the subject of the requested relief in the case which originated the judgment lien and in a subsequent case filed on November 20, 2023. ECF No. 54 at 15-16 (citing *United States v. One Parcel Prop. Located at Lot 85, Cnty. Ridge*, 100 F.3d 740, 742 (10th Cir. 1996); *Noble Prestige v. Galle*, 83 F.4th 1366, 1377-78 (11th Cir. 2023)). Absent application of the first-in-time rule, Hidden Canyon argues, without citing to authority, that the Court should decline to exercise its jurisdiction because Seven Clover—a lessee of the O'Niell property not a party to this suit—"will have to either join this lawsuit or relinquish its rights." *Id.* at 16. Hidden Canyon also argues that the Court should decline to exercise jurisdiction because Seven Clover holds a cannabis license and leases the

O'Niell property as a cannabis growing facility, raising novel issues of state law related to foreclosure of a cannabis business and transfer of a cannabis license. *Id.* at 16-17.

Munro replies that the Court has supplemental jurisdiction because, as a junior lienholder of property in which RH Fund 28 seeks to foreclose, "the crossclaim is so related to the claims in the action within such original jurisdiction that it forms part of the same case or controversy." ECF No. 61 at 3 (quotation marks omitted) (citing 28 U.S.C. § 1367(a)). Munro argues that his foreclosure claim does not implicate novel and complex state law because Seven Clover's status as a cannabis producer is irrelevant to foreclosing on the property, which does not implicate the license or ownership of the cannabis business. *Id.* at 4. Munro also argues that the first-in-time rule does not apply because he is not seeking foreclosure in any other case and another court is not exerting *in rem* jurisdiction over the property. *Id.*

The first-in-time rule, "applicable to both federal and state courts, [establishes] that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Cas. Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935). While the cases that Hidden Canyon points to in state court are seemingly related to the O'Niell property—*Munro v. O'Niell*, Case No. D-202-CV-2020-04418 (2d Jud. Dist. Ct., Bernalillo Cnty. July 7, 2020) (with an underlying claim for breach of contract, resulting in the current judgment lien); *Munro v. O'Niell*, Case No. D-202-CV-202305844 (2d Jud. Dist. Ct., Bernalillo Cnty. July 25, 2023) (with a cause of action for fraud related, in part, to the O'Niell property)—no other court is exercising jurisdiction over the property such that the first-in-time rule would apply. Therefore, no actions currently in state court bar this Court from exercising its jurisdiction over the O'Niell property.

Seven Clover's status as a cannabis business and license does not affect the O'Niell property, which is separately owned by Hidden Canyon. The current foreclosure action is on the property, not the business. As Seven Clover—not Hidden Canyon—is the cannabis license holder, *see* ECF No. 54 at 17-18; Wainwright Decl., ECF No. 54-6 ¶ 11, presumably a new owner of the real property, stepping into the landlord position of Hidden Canyon, also does not need a cannabis license. Indeed, Hidden Canyon has not argued, much less provided evidence, that any owner of the subject property is required to have a cannabis license. Therefore, state cannabis law is not significantly implicated in this foreclosure proceeding. Further, whether Seven Clover will have to relinquish its rights should the O'Niell property change ownership is a matter to be determined by the terms of its lease contract, which is not an issue before the Court.

RH Fund 28 and Munro are each seeking foreclosure on the O'Niell property. As junior lienholder, Munro's judgment lien would be extinguished if he does not exercise his right to foreclose in this proceeding and RH Fund 28 is successful in its claims. Therefore, Munro's claim is inextricably related to the same controversy raised in RH Fund 28's claims and the Court has supplemental jurisdiction. 28 U.S.C. § 1367.

Because Munro holds a valid lien on the O'Niell property and none of the defenses raised by Hidden Canyon have merit, the Court finds that Munro has a statutory right to foreclose on the O'Niell property against Hidden Canyon. N.M. Stat. Ann § 39-4-13; *Sylvanus*, 9 P.2d at 142; *F & S Co.*, 702 P.2d at 1000.

### B.  Munro's Motion for Summary Judgment on Crossclaim Against Robert O'Niell, ECF No. 40

Munro similarly argues that the recording of the Transcript of Judgment entitles him to foreclose on the O'Niell property against O'Niell. ECF No. 40 at 2-3 (citing N.M. Stat. Ann §

39-4-13; *Sylvanus*, 9 P.2d at 142; *F & S Co.*, 702 P.2d at 1000). Munro also argues that O'Niell's asserted affirmative defenses "fail as a matter of law and are in fact frivolous." *Id.* at 3; *see also id.* at 3-6.

O'Niell argues that: (1) Munro has not established a *prima facie* case such that a trier of fact could make a determination, *see* ECF No. 50 at 8 (citing *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991)); (2) Munro's factual statement does not contain facts that are material to disputing O'Niell's affirmative defenses, *id.* at 8-9; (3) Munro has not provided sufficient material facts supporting his attack on O'Niell's affirmative defenses, nor has he provided any supporting authority, *id.* at 9-11; and (4) that a motion for summary judgment is not ripe because discovery is incomplete, *id.* at 11-12.

Munro replies that he does not bear the burden of persuasion at trial, he carried his burden by "pointing out a lack of evidence" to support O'Niell's affirmative defenses, and the burden now shifts to the non-moving party to show a genuine issue exists for trial. ECF No. 62 at 2-3 (citing *Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1143-44 (10th Cir. 2013); *In re Vaughn Co., Realtors*, Bankruptcy No. 10-10759, 2014 WL 271632, at *5 (Bankr. N.M. Jan. 23, 2014); *Lodestar Anstalt v. Route 66 Junkyard Brewery LLC*, No. 1:17-cv-00062-JCH-JHR, 2019 WL 231755, at *16 (D.N.M. Jan. 6, 2019)). Munro also argues that most of the discovery O'Niell argues for is unrelated to Munro's foreclosure on the judgment lien. *Id.* at 3-4.

The Court finds that Munro met his burden in attacking O'Niell's affirmative defenses.[5] *See* ECF No. 40 at 3-5; *Vaughn*, 2014 WL 271632 at *5. O'Niell has not argued the elements of

---

[5] In his Answer, O'Niell asserts the following affirmative defenses: (1) that the Transcript of Judgment "does not act as a valid lien against any assets owned by Defendant O'Niell[,]" ECF No. 22 at 2; (2) that a prior judgment and garnishment action precludes recovery, *id.*; (3) that the crossclaim is barred by doctrine of waiver, *id.*; (4) that the crossclaim is barred by doctrine of estoppel, *id.* at 4; (5) that the crossclaim is barred by the doctrine of res judicata, *id.*; (6) that the crossclaim is barred by the doctrine of collateral estoppel, *id.*; (7) that Munro

16

his affirmative defenses and has not provided facts to make a *prima facie* showing of his affirmative defenses. *See generally* ECF No. 50; *see also* ECF No. 40-1 at 1-4. In any event, O'Niell asserts many of the same affirmative defenses in his Answer that Hidden Canyon makes. *Compare* ECF No. 22 at 2 *with* ECF No. 20. The Court has already rejected many of O'Niell's affirmative defenses, finding that Munro has a valid judgment lien on the O'Niell property and that the state cases do not preclude judgment in this case. *See supra* Part III(A).[6] Because the Court has found that there is no genuine issue of material fact as to whether Munro holds a valid lien on the O'Niell property, the Court finds that Munro has a statutory right to foreclose on the O'Niell property against any remaining interest in the property that O'Niell may possess. N.M. Stat. Ann § 39-4-13; *Sylvanus*, 9 P.2d at 142; *F & S Co.*, 702 P.2d at 1000.

## VI.   CONCLUSION

For the foregoing reasons, the Court orders that:

1. Munro's Motions for Summary Judgment [ECF No. 39 and ECF No. 40] are **GRANTED**;

2. in accordance with the law, Munro may proceed with foreclosure proceedings on the property commonly described as 7016 B Second Street, Albuquerque, New Mexico 87107;

---

failed to mitigate damages, *id.*; (8) that the crossclaim is barred by the doctrine of unclean hands, *id.*; (9) equitable consideration of a pending appeal, *id.*; (10) that the federal abstention doctrine should apply, *id.*; and (11) any damages are subject to offset, *id.*

[6] Further, the judge in the case from which the judgment lien originated, *Munro*, Case No. D-202-CV-2020-04418, denied O'Niell's Motion for Stay of Execution Pending Appeal. *See* ECF No. 39-11. Cross-Defendants have not asked for a stay pending appeal in this case, but they do appear to argue that this Court should take the appeal into consideration and deny the motion for summary judgment. *See* ECF No. 50 at 5; ECF No. 54 at 8, 15-16. The Court will not second guess another court's judgment in denying a stay pending appeal and declines to deny Munro's Motion for Summary Judgment based on any consideration of the pending appeal. *See Moya v. U.S. Eagle Fed. Credit Union*, No. 17cv415 RB/KBM, 2017 WL 11503352, at *1 (D.N.M. Dec. 8, 2017) (denying motion for stay pending appeal that was identical to a motion denied in bankruptcy court).

3. a separate Judgment and Order of Foreclosure will be entered;

4. Munro has 21 days from the date of entry of this order to file a proposed judgment of foreclosure and sale, including amount outstanding on the judgment lien;

5. Hidden Canyon and O'Niell have 14 days from the filing of the proposed judgment of foreclosure and sale to file objections;

6. the Court will not entertain objections which it has previously addressed; and

7. the Court **REFERS** this matter to Magistrate Judge Kevin R. Sweazea to oversee those foreclosure proceedings.[7, 8]

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[7] *See United States v. Crow*, No. 1:15-cv-00895-BRB-LF, 2016 WL 352839 (D.N.M. May 26, 2016) (referring foreclosure proceedings to a magistrate judge).

[8] In pursuit of conserving judicial resources and attorneys' fees, the parties may consent to having Magistrate Judge Sweazea make dispositive determinations, including determination of the amount outstanding on the judgment lien. *See* D.N.M.LR-Civ. 73.2. In the alternative, Magistrate Judge Sweazea, may make proposed findings and a recommended disposition in this matter.