## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RH FUND 28, LLC,

      Plaintiff,

v.

                                No. 1:23-CV-01023-MIS-KRS

ROBERT S. O'NIELL, HIDDEN CANYON,
LLC, RSO 1, LLC, and ROBERT R. MUNRO,

      Defendants,

and

ROBERT R. MUNRO,

      Counter-Plaintiff & Cross-Claimant,

v.

RH FUND 28, LLC,

      Counter-Defendant,

v.

ROBERT S. O'NIELL, HIDDEN CANYON, LLC, and RSO 1, LLC,

      Cross-Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTFF'S MOTION FOR SUMMARY JUDGMENT

      **THIS MATTER** is before the Court on RH Fund 28, LLC's ("RH Fund 28") Motion for

Summary Judgment, ECF No. 71. Defendant Robert R. Munro ("Munro") responded. ECF No.

82. Defendants Robert O'Niell ("O'Niell"), RSO 1, LLC ("RSO"), and Hidden Canyon, LLC

("Hidden Canyon") did not respond. RH Fund 28 replied, ECF No. 82. Upon due consideration of

the parties' submissions, the record, and the relevant law the Court will **GRANT in part** and

**DENY in part** the Motion.

## I.   UNDISPUTED FACTS[1]

On February 16, 2016, O'Niell signed a promissory note ("2016 Note" a.k.a. Loan Number 9315201635) to New Mexico Bank & Trust[2] to secure a mortgage ("2016 Mortgage") for property commonly known as 7016 B, Second Street NW, Albuquerque, New Mexico, 87107. ECF No. 71 ¶¶ 2, 6. The mortgage was properly recorded on March 28, 2016, in Bernalillo County, New Mexico as Instrument Number 2016027735. *Id.* ¶ 2.

On September 8, 2020, O'Niell signed a promissory note ("2020 Note" a.k.a. Loan Number 511450279) to New Mexico Bank & Trust to secure a mortgage ("2020 Mortgage") for property commonly known as 7016 C, Second Street NW, Albuquerque, New Mexico, 87107. *Id.* ¶¶ 3, 7. This second mortgage was recorded on September 11, 2020, in Bernalillo County, New Mexico as Instrument Number 2020088093. *Id.* ¶ 3.

On November 1, 2022, RSO signed a promissory note ("2022 Note" a.k.a. Loan Number 512001103239) to New Mexico Bank & Trust to secure a mortgage ("2022 Mortgage") for property commonly known as 4310 Central Avenue NE, Albuquerque, New Mexico 87109 ("RSO property"). *Id.* ¶¶ 4, 8. This third mortgage was recorded on November 4, 2022, in Bernalillo

---

[1]    For purposes of this Motion for Summary Judgment, the Court resolves all doubts against the movant, construes all admissible evidence in the light most favorable to the nonmovants, and draws all reasonable inferences in favor of the nonmovants. *See* Section IV *infra*.

        The Court has chosen to include only proffered facts that are material to the present Motion or helpful for background purposes. To the extent a fact has been omitted, the Court hereby deems such fact immaterial to the present Motion. In addition, per Local Rule 56.1(b), all material facts set forth in the motion for summary judgment and response will be deemed undisputed unless specifically controverted. D.N.M.LR-Civ. 56.1(b).

[2]    On August 18, 2023, New Mexico Bank & Trust merged with HTLF Bank, and HTLF Bank became the owner and holder of all assets, including the notes and mortgages in the instant case. *See* ECF No. 71 ¶ 12. On December 28, 2023, HTLF Bank sold the 2016 Note, 2016 Mortgage, 2020 Note, 2020 Mortgage, 2022 Note, and 2022 Mortgage to Green Prairies, LLC. *Id.* ¶¶ 5, 17. On February 1, 2024, Green Prairies, LLC assigned and transferred the 2016, 2020, and 2022 loan documents to RH Fund 28. *Id.* ¶ 19. On June 25, 2024, the Court granted Plaintiff's Unopposed Second Motion for Substitution of Plaintiffs and ordered RH Fund 28 substituted for Green Prairies, LLC, and all pleadings by or against Green Prairies, LLC are deemed to be by or against RH Fund 28. ECF No. 53.

County, New Mexico as Instrument Number 2022097214. ECF No. 71-1 ¶ f.[3] O'Niell signed a Guaranty Agreement on November 1, 2022, in connection to the 2022 Note and 2022 Mortgage. ECF No. 71-2 ¶ 15.

On December 2, 2022, without consent from New Mexico Bank & Trust, O'Niell re-platted the 2016 and 2020 mortgaged properties into a single tract ("re-platted property"), ECF No. 71 ¶ 9, commonly known as 7016 B Second Street, Albuquerque, New Mexico 87107, and legally described as

> Tracts C-2 and C-3, G.H.S. Subdivision, as the same are shown and designated on the plat entitled "LAND DIVISION PLAT, SUMMARY SUBDIVISION, G.H.S. SUBDIVISION, REPLAT OF TRACT C, LANDS OF DUB YARBROUGH AS SHOWN ON THE PLAT OF TRACT A-1, ARTHUR JACKSON SUBDIVISION AND TRACTS A-1, B, AND C, LAND OF DUB YARBROUGH AS FILED IN THE OFFICE OF THE COUNTY CLERK, BERNALILLO COUNTY, ON JULY 2, 1975, NEW TRACTS DESIGNATED AS TRACTS C-1, C-2 AND C-3", filed in the office of the County Clerk of Bernalillo County, New Mexico, on June 23, 1976, in Volume A5, Folio 206.

ECF No. 71-1 at 45-47. The re-platted property was recorded in Bernalillo County, New Mexico as Instrument Number 2022103528. ECF No. 71 ¶ 9.

On March 3, 2023, Munro obtained a judgment against O'Niell in the Second Judicial District Court of Bernalillo County in the amount of $5,700,000. *Id.* ¶ 11. A Transcript of Judgment was recorded on March 7, 2023, in Bernalillo County, New Mexico, placing a judgment lien on the re-platted property. *Id.*; *see also* ECF No. 65 at 5-6 (finding that Munro's judgment was properly fixed to the re-platted property).

---

[3]   The factual background in Plaintiff's Motion for Summary Judgment incongruously notes the recording date of the 2022 Mortgage as September 11, 2020, which the Court construes as a copy error and relies on supporting exhibits for the correct date. *See* ECF No. 71 ¶ 3-4.

On April 28, 2023, without consent from New Mexico Bank & Trust, O'Niell conveyed the re-platted property to Hidden Canyon. *Id.* ¶ 10. On July 12, 2023, the conveyance was recorded in Bernalillo County, New Mexico as Instrument Number 2023043086. *Id.*; ECF No. 71-1 at 49.

At some point after signing the 2016 Note, O'Niell leased the property to a third party for use in the cultivating, processing, and packaging of cannabis. *See* ECF No. 71-1 at 62. On August 22, 2024, Plaintiff confirmed through visual inspection that a third-party company uses the re-platted property as "a cannabis grow facility." ECF No. 71 ¶ 14.

On September 29, 2023, New Mexico Bank and Trust, now a division of HTLF Bank, sent a letter to O'Niell notifying him that it deems the use of the re-platted property as a cannabis grow facility as a non-curable default on the 2016 Note, 2016 Mortgage, 2020 Note, and 2020 Mortgage. *Id.* ¶ 15; ECF No. 71-1 at 62. It also deemed the notes and mortgages in default because of the judgment lien placed on the property and the conveyance of the re-platted property to Hidden Canyon without consent. *See* ECF No. 71 ¶ 15; *see also* ECF No. 71-1 at 65. As a consequence of the default, the bank accelerated payment of all indebtedness related to the 2016 and 2020 notes and mortgages. *Id.* ¶¶ 15, 21.

As a result of O'Niell's deemed default on the 2016 and 2020 loan instruments, the bank deemed RSO in default of the 2022 Note and 2022 Mortgage. ECF No. 71 ¶¶ 16, 18. In a letter dated January 11, 2024, Green Prairies, LLC[4] gave RSO notice of the default and accelerated payment on all outstanding indebtedness. *See id.* ¶ 18; ECF No. 71-1 at 82-83.

As of August 28, 2024, the 2016 Note has an outstanding balance of $120,115.93, the 2020 Note has an outstanding balance of $267,165.53, and the 2022 Note has an outstanding balance of $926,141.30. ECF No. 71 ¶¶ 22-24.

---

[4]        *See* Note 2, *supra*.

RH Fund 28, as owner and holder of the 2016, 2020, and 2022 loan instruments, seeks to foreclose on the 2016 Mortgage, the 2020 Mortgage, and 2022 Mortgage. *Id.* ¶ 25-26. The mortgages are the first liens on the respective properties and RH Fund 28 is the senior lien holder. *Id.* ¶ 27; *see also* ECF No. 82 at 2-3.

## II.   PROCEDURAL HISTORY

On February 7, 2024, Green Prairies, LLC filed an Amended Complaint against all Defendants alleging nine claims for relief: (1) breach of the 2016 Note and 2016 Mortgage, ECF No. 12 ¶¶ 43-45, (2) maker liability on the 2016 Note, *id.* ¶¶ 46-51; (3) breach of the 2020 Note and 2020 Mortgage, *id.* ¶¶ 52-54; (4) maker liability on the 2020 Note, *id.* ¶¶ 55-60; (5) breach of the 2022 Note and 2022 Mortgage, *id.* ¶¶ 61-63; (5) maker liability on the 2022 Note, *id.* ¶¶ 64-69; (6) breach of commercial guaranty, *id.* ¶¶ 70-72; (7) declaratory judgment as to interests of Hidden Canyon and Munro, *id.* ¶¶ 73-74; (8) foreclosure of the re-platted property, *id.* ¶¶ 75-81; and (9) foreclosure of the RSO property, *id.* ¶¶ 82-88.

On March 14, 2024, Munro answered with (1) a crossclaim against O'Niell and Hidden Canyon as a judgment creditor with a perfected judgment lien against the re-platted property, ECF No. 16 at 2-3, and (2) a counterclaim against RH Fund 28 for the same, *id.* at 3-6. On August 8, 2024, the Court found that Munro had a statutory right to foreclose on the re-platted property and ordered foreclosure to proceed. ECF No. 65 at 15, 17-18.

On September 3, 2024, RH Fund 28 filed a Motion for Summary Judgment seeking judgment on breach of contract, liability under the three promissory notes plus attorney's fees, and foreclosure on the three mortgages, and any other warranted relief. On September 21, 024, Munro filed his Response disputing the amount and allocation of attorney's fees. *See* ECF No. 82 at 2. O'Niell filed two notices of extension of time for filing a response, the last of which provided a

deadline of October 1, 2024, which he did not meet. *See* ECF No. 76; ECF No. 84. No other Defendants have filed a response.

### III.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that threshold is met, the nonmoving party must designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). In applying the summary judgment standard, the court "view[s] the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Parker Excavating, Inc. v. Lafarge W., Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017) (citation omitted).

### IV.    DISCUSSION

Plaintiff argues that (A) O'Niell materially breached and defaulted on the 2016 and 2020 loan instruments, ECF No. 71 at 8-12; (B) RSO materially breached and defaulted on the 2022 loan instruments, *id.* at 13-14; (C) Plaintiff is entitled to judgment for damages, *id.* at 14; and (D) Plaintiff is entitled to foreclose on the re-platted and RSO properties, *id.* at 15-17.

As a preliminary matter, "[w]hen exercising diversity jurisdiction, we apply state law with the objective of obtaining the result that would be reached in state court." *Butt v. Bank of Am.,*

*N.A.*, 477 F.3d 1171, 1179 (10th Cir. 2007). Here, the contracts were made in and related to real property in New Mexico, and New Mexico is the forum state. *See* ECF No. 12. Further, the 2016 Note, 2016 Mortgage, 2020 Note, 2020 Mortgage, 2022 Note, and 2022 Mortgage all contain a Governing Law clause which states the laws of New Mexico shall apply. *Burge v. Mid-Continent Cas. Co.*, 933 P.2d 210, 214 (N.M. 1996) ("New Mexico law recognizes the validity of choice of law provisions contained in contracts."); ECF No. 71-1 at 8, 14, 19, 26, 39. Therefore, the Court applies New Mexico substantive law. *See Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1195 (10th Cir. 2012).

Under New Mexico law, a plaintiff is entitled to judgment on a promissory note and foreclosure on a mortgage if they establish that (1) the plaintiff rightfully possesses the note and mortgage; (2) the note and mortgage became due; and (3) the defendant failed to pay the amount due. *See RTC Mortg. Tr. 1994-S3 by Trotter Kent, Inc. v. Guadalupe Plaza*, 918 F. Supp. 1441, 1445 (D.N.M. 1996) (citing *Kepler v. Slade*, 896 P.2d 482, 484-85 (N.M. 1995)). The party claiming breach must show that "(1) there was a contractual obligation; (2) the opposing party breached the contract; and (3) the breach resulted in damages." *McLaughlin v. Santa Fe Cmty. Coll.*, No. A-1-CA-39156, 2023 WL 7018418, at *3 (N.M. Ct. App. Oct. 25, 2023) (citing *Cent. Mkt., Ltd. v. Multi-Concept Hosp., LLC*, 508 P.3d 924, 935 (N.M. Ct. App. Jan. 19, 2022) (citing *Camino Real Mobile Home Park P'Ship v. Wolfe*, 891 P.2d 1190, 1196 (N.M. Feb. 10, 1995))). A plaintiff has a right to pursue remedies for breach of the note or foreclose on the mortgage "at the same time or consequently" so long as they do not gain double recovery on the debt. *Kepler*, 896 P.2d at 484-85 (quotation marks and citation omitted).

Here, RH Fund 28 provided evidence in support of the undisputed fact that it holds the 2016 Note, 2016 Mortgage, 2020 Note, and 2020 Mortgage signed by O'Niell, *see* ECF No. 71

¶¶ 2, 3, 6, 7, and that is holds the 2022 Note and 2022 Mortgage signed by RSO with O'Niell as Guarantor, *see id.* ¶¶ 4, 8; ECF No. 71-2 ¶ 15. Nor is it disputed that any amount due is unpaid. Therefore, the only issue before the Court on Plaintiff's Motion for Summary Judgment is whether O'Niell and RSO breached and defaulted on the respective loan instruments, accelerating their due dates. *See* ECF No. ¶¶ 15, 16, 18, 21. The Court considers each claim for relief and GRANTS in part and DENIES in part Plaintiff's Motion for Summary Judgment as discussed below.

A.     **Whether O'Niell materially breached and defaulted on the 2016 and 2020 loan instruments**

Plaintiff argues that O'Niell materially breached and, therefore, defaulted on the 2016 and 2020 loan instruments in three distinct ways: (1) by violating federal law in the use of the re-platted property, *id.* at 8-10; (2) by re-platting the property and later conveying the property without consent, *id.* at 11; and (3) by adverse change and breach of warranties of title, *id.* at 11-12.

The Court finds that O'Niell materially breached and defaulted on the 2016 and 2020 loan instruments by conveying the property to Hidden Canyon without consent.  Therefore, all other claims of breach and default are immaterial to Plaintiff's Motion for Summary Judgment.

Plaintiff argues that O'Niell breached the 2016 Note, 2016 Mortgage, 2020 Note, and 2020 Mortgage by violating the "Due on Sale" clause when he conveyed the property to Hidden Canyon without consent on April 28, 2023. *See id.* at 11.

The Due on Sale clause states:

> Except as otherwise provided in Section 48-7-20 NMSA 1978, as amended, Lender may, at Lender's option, declare immediately due and payable all sums secured by this Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three {3} years, lease-

> option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by New Mexico law.

*See id.* at 11; ECF No. 71-1 at 11, 23.

No party disputes that O'Niell conveyed the re-platted property to Hidden Canyon in 2023 without consent from Plaintiff. *See infra.* The Due on Sale clause clearly contemplates the transfer of rights and titles to the re-platted property, which occurred on April 28, 2022, such that no reasonable jury could find in favor of O'Niell. Defendant has not provided any argument that the transfer was done with the knowledge or consent of Plaintiff. Therefore, the Court finds that by conveying the re-platted property to Hidden Canyon, O'Niell is in breach of the 2016 Note, 2016 Mortgage, 2020 Note, and 2020 Mortgage, creating a default on the 2016 and 2020 loan instruments, and Plaintiff properly accelerated the due date of the 2016 and 2020 Notes.

For these reasons, the Court finds that Plaintiff is entitled to judgment as a matter of law on claims that O'Niell materially breached and defaulted on the 2016 and 2020 loan instruments. *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 248.

**B.      Whether RSO materially breached and defaulted on the 2022 loan instruments**

Plaintiff maintains that RSO materially breached the 2022 Note and 2022 Mortgage by virtue of the "Events Affecting Guarantor" clause. See ECF No. 71 at 13. Plaintiff argues that

> if the Borrower (RSO 1, LLC) *or the Guarantor* (Robert S. O'Niell) default under another agreement with New Mexico Bank & Trust (or HTLF Bank), become insolvent, or are the subject of foreclosure proceedings, then RSO 1, LLC is in default of the 2022 Note and 2022 Mortgage, and Plaintiff can exercise it [sic] remedies.

*Id.*

The Note's Events Affecting Guarantor clause states that a default occurs when "[a]ny of the preceding events occurs with respect to any Guarantor of any of the indebtedness . . . ." ECF

No. 71-1 at 32. The preceding events that Plaintiff appears to rely on are the "Other Defaults" clause, "Death or Insolvency" clause, and "Creditor or Forfeiture Proceedings" clause of the Note. *See* ECF No. 71 at 13-14. The Court considers each in turn.

The Other Defaults clause states that a default occurs when:

> Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

ECF No. 71-1 at 31.

Plaintiff does not argue how this clause should be interpreted and appears to assume without showing that O'Niell's breach as discussed above automatically leads to a default by RSO on the 2022 loan. *See* ECF No. 71 at 13-14. Under New Mexico law, "[a] guarantor is entitled to a strict construction of his undertaking and cannot be held liable beyond the strict terms of his contract." *Shirley v. Venaglia*, 527 P.2d 316, 319 (N.M. 1974). O'Niell, as Guarantor, can only be held liable for breach, strictly construed, of the Commercial Guaranty he signed on November 1, 2022. O'Niell is not a party to the 2022 Note and 2022 Mortgage, but the Court is disinclined to read the 2022 loan documents anymore broadly considering that Plaintiff bears the burden to show that no genuine issue of material fact exists and the facts should be viewed in the light most favorable to RSO as the nonmoving party. Consequently, the Court finds that Plaintiff has not met its burden with regard to RSO's alleged breach of the Other Defaults clause; Plaintiff failed to show that there is no genuine dispute as to any material fact; and Plaintiff has not established that it is entitled to judgment as a matter of law.

The Death or Insolvency clause states, in pertinent part, that a default occurs upon "the insolvency of Borrower[.]" *Id.*

10

Plaintiff argues that O'Niell as Guarantor is insolvent because of Munro's $5.7 million judgment against him. *See* ECF No. 71 at 13-14. However, Plaintiff provides no evidence that this amount makes O'Niell insolvent, and reasonable minds could differ. While $5.7 million may appear to be a large sum, the Court has no context in relation to O'Niell's businesses and other assets to determine his insolvency. Therefore, viewed in the light most favorable to the nonmoving parties, the Court finds that Plaintiff did not meet its burden with regard to RSO's alleged breach of the Death or Insolvency clause and has not shown that no genuine dispute of material fact exists.

The Notes' Creditor or Forfeiture Proceedings clause states that a default occurs upon "[c]ommencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency *against any collateral securing the loan*. . . ." *Id.* at 31-32 (emphasis added).

Plaintiff does not argue how this clause should be interpreted; therefore, the Court takes a plain reading of the clause to mean that default occurs when foreclosure commences on a property owned by O'Niell that was used to secure the 2022 loan. This Court commenced foreclosure proceedings on the re-platted property, owned by Hidden Canyon. Plaintiff has not argued or provided evidence that the re-platted property was used as collateral in securing the 2022 Note and 2022 Mortgage. The undisputed facts show that the RSO property was used to secure the 2022 Note and 2022 Mortgage. Therefore, viewed in the light most favorable to the nonmoving parties, the Court finds that RSO did not breach the Creditor and Forfeiture Proceedings clause.

For these reasons, the Court finds that Plaintiff is not entitled to judgment as a matter of law on claims that RSO materially breached and defaulted on the 2022 loan instruments. *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 248.

**C.      Whether Plaintiff is entitled to judgment for damages**

Plaintiff argues that it is owed damages in the amounts owed on each property plus attorney's fees owed in connection with each property. *See* ECF No. 71 at 14. Munro contests the allocation of attorney's fees but does not contest any amount owed on any of the properties. *See* ECF No. 82 at 3-4.

As an initial matter, because the Court finds that O'Niell breached the 2016 Note and the 2020 Note, the Court finds that Plaintiff is entitled to judgment for damages in the total amounts owed on the 2016 Note and the 2020 Note, to be reduced by any amounts recovered in the foreclosure sale. As of August 28, 2024, Plaintiff has shown that the amount owed on the 2016 Note is $120,115.93 and the amount owed on the 2020 Note is $267,165.53. *See* ECF No. 71-1 at 4-5, ¶¶ 16, 17.  Plaintiff is not entitled to damages related to the 2022 Note.

Under the Federal Rules of Civil Procedure, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an essential element of damages." Fed. R. Civ. P. 54(d)(2)(A). Plaintiff has not provided substantive New Mexico law showing that attorney's fees are a part of damages for breach of contract. Plaintiff does not have a final judgment in its favor, making the request for attorney's fees premature. *Id.*; *see also MTGLQ Invs., LP v. Wellington*, Civ. No. 17-487 KG/LF, 2019 WL 7040451, at *1 (D.N.M. Dec. 20, 2019). Therefore, Plaintiff's request for attorney's fees is denied without prejudice at this time. Plaintiff may file a timely motion that comports with Rule 54.

**D.      Whether Plaintiff is entitled to foreclose on the re-platted and RSO properties**

Plaintiff argues it is entitled to foreclosure on all properties because of the defaults by O'Niell, and RSO, that the 2016, 2020, and 2022 Mortgages are first in time and superior to any other rights of Hidden Canyon and Munro, that the purchaser at the foreclosure sale shall take the

property free and clear of any claims or encumbrances by Hidden Canyon and Munro, and that it should be allowed to bid up to the full amounts owed as discussed above. *See* ECF No. 71 at 15.

Seeing that the Court found O'Niell defaulted on the 2016 and 2020 Mortgages, the Court finds that RH Fund 28 is entitled to foreclose on the re-platted property. *See* ECF No. 71-1 at 13, 25 (providing the remedy of judicial foreclosure in event of default). Plaintiff has demonstrated that there is no genuine issue of material fact that the 2016 and 2020 Mortgages are first in time and superior to any other liens or encumbrances. *See* ECF No. 71-1 at 10, 22. Therefore, Plaintiff is entitled to summary judgment with respect to the 2016 and 2020 Mortgages. Plaintiff is not entitled to summary judgment with respect to the 2022 Mortgage and is not entitled to foreclose on the RSO property.

## V.   CONCLUSION

For the foregoing reasons, the Court orders that:

1.      RH Fund 28's Motion for Summary Judgment [ECF No. 71] is **GRANTED in part** and **DENIED in part** consistent with this Order;

2.      RH Fund is entitled to the amount owed on the 2016 Note and the 2020 Note—$120,115.93 and $267,165.53, respectively, plus any legally allowed interest—to be reduced by the amounts recovered in the foreclosure sale;

3.      in accordance with the law, RH Fund 28 may proceed with foreclosure proceedings on the property commonly described as 7016 B Second Street, Albuquerque, New Mexico 87107;

4.      a separate Judgment and Order of Foreclosure will be entered; and

5.      the Court **REFERS** this matter to Magistrate Judge Kevin R. Sweazea to oversee those foreclosure proceedings.[5, 6]

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[5]      *See United States v. Crow*, No. 1:15-cv-00895-BRB-LF, 2016 WL 352839 (D.N.M. May 26, 2016) (referring foreclosure proceedings to a magistrate judge).

[6]      In pursuit of conserving judicial resources and attorneys' fees, the parties may consent to having Magistrate Judge Sweazea make dispositive determinations, including determination of the amount outstanding on the judgment lien. *See* D.N.M.LR-Civ. 73.2. In the alternative, Magistrate Judge Sweazea, may make proposed findings and a recommended disposition in this matter.