IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RH FUND 28, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| ROBERT S. O'NIELL, HIDDEN CANYON, LLC, RSO 1, LLC, and ROBERT R. MUNRO, | ) |
| Defendants. | ) |
| _____ | ) No. 1:23-CV-1023-SMD-KRS |
| ROBERT R. MUNRO, | ) |
| Counter-Plaintiff & Cross-Plaintiff, | ) |
| v. | ) |
| RH FUND 28, LLC, | ) |
| Counter-Defendant, and | ) |
| ROBERT S. O'NIELL, HIDDEN CANYON, LLC, and RSO 1, LLC, | ) |
| Cross-Defendants. | ) |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Motion For Summary Judgment On Counterclaim Against Plaintiff RH Fund 28, LLC ("RH"), filed by Counter-Plaintiff Robert R. Munro ("Munro"), *see* (Doc. 70), referred for proposed findings and recommended disposition on September 19, 2024 by the then-presiding trial judge, District Judge Margaret Strickland. *See* (Dkt. Entry # 81). As discussed below, the Court recommends that said Motion be denied as moot.

**THIS MATTER** is also before the Court on the referrals by Judge Strickland on August 8, 2024 (Doc. 65) and October 17, 2024 (Doc. 90) to oversee the foreclosure proceedings approved in the Orders entered on those dates.[1] As discussed below, the Court recommends that the FINAL JUDGMENT OF FORECLOSURE AND ORDER FOR SALE attached as Exhibit A be entered.

## BACKGROUND

On August 8, 2024, Judge Strickland granted summary judgment in favor of Munro and against Hidden Canyon and O'Niell on Munro's cross-claims to recover against those parties on a state court judgment lien in Munro's favor. *See* (Docs. 39, 40, and 65). The August 8, 2024 Order found that Munro had placed a valid judgment lien on certain real property--referred to in the Order as "the O'Niell property" and by the parties in various filings as the "O'Niell Mortgaged Property" or the "Subject Property."[2] *See* (Doc. 65 at 5-6). Rejecting the arguments and affirmative defenses of O'Niell and Hidden Canyon to the contrary (Docs. 50, 54), the August 8, 2024 Order also found that Munro had the right to foreclose on the Subject Property (Doc. 65 at 6-17). The Order directed Munro to file a proposed judgment of foreclosure and sale within twenty-one days of entry of the Order, and to include therein the unpaid amount of the judgment lien, with any objections by Hidden Canyon or O'Niell to be filed within fourteen days thereafter. (*Id.* at 18).

On August 27, 2024, Munro filed a proposed judgment of foreclosure and sale (Doc. 67).

---

[1] Both Orders note that the parties could conserve judicial resources and attorneys' fees by consenting to the jurisdiction of a Magistrate Judge to make a final determination of the terms of the final judgment in foreclosure and order of sale, including determination of the amounts owed on the underlying debts in question. *See* (Doc. 65 at 18 n.8; Doc. 90 at 14 n.6). No consent having been filed, the Court follows the alternative route stated in Judge Strickland's Orders of entering proposed findings and recommended dispositions on the matters at issue. *See* (*id.*).

[2] *See also* (Doc. 65 at 17 (referring to real "property commonly described as 7016 B Second Street, Albuquerque, New Mexico 87107").

On August 29, 2024, Munro filed a motion for summary judgment on its counterclaim against RH. (Doc. 70[3]). The motion noted that RH claimed to have mortgage liens on both the Subject Property and other property owned by Defendant RSO I, LLC ("the RSO Mortgaged Property"). Munro had no lien interest in the RSO Mortgaged Property, and Munro's summary judgment motion against RH argued that any order in foreclosure in favor of RH on its mortgage liens should require the O'Neill Mortgaged Property and the RSO Mortgaged Property to be sold as separate parcels and the proceeds from the sale of each parcel applied to the mortgage debt existing on that parcel only, rather than permitting RH to combine the mortgage debts and the parcels for a sale. (*Id.* at 2).

Thereafter, on September 3, 2024, RH moved for summary judgment on its claims against O'Niell and RSO to declare those parties in default on the loan instruments held by RH, which were secured by either the mortgage lien on the O'Neill Mortgaged Property or the mortgage lien on the RSO Mortgaged Property. *See* (Doc. 71). RH also sought a judicial decree foreclosing on its interest in the properties in question as a remedy for the default by O'Niell and RSO. (*Id.* at 15). Hidden Canyon was named in the motion because O'Niell had transferred title to the O'Niell Mortgaged Property to Hidden Canyon by Special Warranty Deed recorded on May 1, 2023 and corrected and re-recorded on July 7, 2023. (Doc. 71 at 4). Munro was named in the motion because RH sought to establish that its mortgage lien on the O'Niell Mortgaged Property was superior to Munro's judgment lien on the same property. (*Id.* at 7, ¶ 27).

On September 16, 2024, O'Niell filed Objections to Munro's proposed judgment of foreclosure and sale (Doc. 74), in which Hidden Canyon joined on September 17, 2024 (Doc. 75).

---

[3] The motion refers to Green Prairies LLC rather than RH, but the Court had previously substituted RH as the plaintiff in place of Green Prairies and dismissed the latter entity from the case. *See* (Doc. 53).

3

Judge Strickland referred Munro's summary judgment motion against RH (Doc. 70) to the undersigned on September 19, 2024. (Dkt. Entry # 81).

On October 17, 2024, Judge Strickland partially granted summary judgment in RH's favor as to RH's mortgage lien on the Subject Property, finding that O'Niell had breached the applicable loan instruments. (Doc. 90 at 8). Judge Strickland denied summary judgment in RH's favor on the RSO Mortgaged Property in which Munro had no lien interest, finding that RH had not shown that RSO had materially breached and defaulted on the loan instruments securing that property. (*Id.* at 11).[4] The October 17, 2024 Order therefore approved entry of an order in foreclosure in favor of RH on the Subject Property only. Any potential conflict between the August 8, 2024 approval of an order in foreclosure in favor of Munro on the Subject Property, and the October 17, 2024 approval of an order in foreclosure in favor of RH on the Subject Property, was resolved by Judge Strickland's finding in the October 17, 2024 Order that RH's mortgage lien on the Subject Property was first in time and superior to any other liens or encumbrances on that same property, including Munro's judgment lien. *See* (*id.* at 13).

On December 5, 2024, I held a status conference to address the pending referrals at which all parties appeared through their counsel. At that time, counsel for RH and counsel for Munro stated that they had been working on an agreement between their clients whereby the Court would issue one final judgment of foreclosure and order for sale on the Subject Property, which would account for the interests of both RH and Munro in the property. *See* (Doc 93). The anticipated agreement involved Munro purchasing RH's superior lien on the Subject Property, giving Munro

---

[4] RH recently filed a renewed motion for summary judgment seeking an order finding a default against RSO and affirming RH's right to foreclose on the RSO Mortgaged Property. (Doc. 96). That motion is currently pending, and does not overlap in any way with the orders and proposed judgments presently before the Court.

4

the right to foreclose and recover under both his own judgement lien and RH's mortgage lien. Munro's counsel stated he believed a proposed final judgment in foreclosure and order for a sale could be drafted that would also resolve the objections that had been filed by O'Neill and Hidden Canyon to Munro's earlier proposed final judgment of foreclosure submitted shortly after Judge Strickland had issued the August 8, 2024 Order but before the October 17, 2024 Order had been entered. *See* (Docs. 67, 68, 74, 75). Counsel for RH concurred with the statements made by counsel for Munro about an anticipated agreement between their clients concerning the terms of a final judgment in foreclosure and order of sale on the Subject Property, while counsel for O'Neill and for Hidden Canyon did not comment one way or the other concerning the likely resolution of their earlier objections by Munro's anticipated filing of a revised proposed order. In response to Munro's arguments and representations, the Court set a deadline of January 8, 2025 for Munro to file a new proposed final judgment of foreclosure and order for sale, and a deadline of January 15, 2025 for any opposition to the new proposed final judgment and order to be filed. *See* (Doc. 93).

On January 3, 2025, Munro filed his counsel's declaration asserting among other things that Munro purchased RH's interest in the Subject Property on December 16, 2024. *See* (Doc. 94 ¶ 8). Munro also emailed a new proposed final judgment of foreclosure and order for sale to the Court's Proposed Order email box. The email stated that counsel for RH had approved the attached proposed order (as shown on the last page of the order), but that counsel for O'Niell and Hidden Canyon had not responded to requests for their approval. The email indicates that all counsel of record were copied on the email with the attached proposed order, including counsel for O'Niell (Alan Wilson) and counsel for Hidden Canyon (Allan Wainwright). As noted earlier, the Court had set a deadline of January 15, 2025 for O'Niell and Hidden Canyon to file a response or opposition to Munro's new proposed final order. *See* (Doc. 93). That deadline passed, and, as of the date of

this filing, neither O'Niell nor Hidden Canyon has filed any response or opposition to Munro's new proposed final judgment in foreclosure and order for sale. Under D.N.M. LR-Civ. 7.1(b), their failure to file any response by the deadline constitutes consent to entry of Munro's proposed final judgment of foreclosure and order for sale.[5]

In addition, I have independently reviewed Munro's January 3, 2025 proposed final judgment of foreclosure and order for sale, and conclude it is appropriate and reasonable, and that the amounts stated therein as being owed under RH's mortgage lien and Munro's judgment lien are supported by the Declaration of J. Douglas Foster, Counsel for Munro, and attachments thereto, filed on January 3, 2025 (Doc. 94). The proposed order directs that the Subject Property be sold at public auction for cash or immediately available funds or credit bid in accordance with any orders of the Court and the laws of New Mexico governing foreclosure, and that Matthew M. Spangler Esq. and the firm Spangler, Pacheco & Werbelow be appointed as Special Master to advertise and conduct such auction. Pursuant to the proposed order, the Special Master will determine the time and place of the auction, which may be postponed by the Special Master as he or she deems appropriate. The Special Master will be authorized to rely on the affidavit or declaration of Munro or his representative regarding the amount still due to Munro at the time of the foreclosure by virtue of the purchased RH mortgage liens and Munro's state court judgment. "All other terms and conditions of the proposed sale seem reasonable and fall well within the Court's broad discretion for setting those terms and conditions." *United States v. Crow*, No. 1:15-CV-00895-BRB-LF, 2016

---

[5] "According to the Tenth Circuit, 'local rules of practice, as adopted by the district court, have the force and effect of law, and are binding upon the parties and the court which promulgated them....'" *United States v. Austin*, No. CV 15-1072 MV/SCY, 2018 WL 5635020, at *1 (D.N.M. Oct. 31, 2018) (quoting *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (citation and quotation omitted)), *report and recommendation adopted*, No. CV 15-1072 MV/SCY, 2018 WL 6250601 (D.N.M. Nov. 29, 2018).

WL 3514182, at *1 (D.N.M. May 2, 2016) (citing *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1968) ("Congress has authorized the federal judiciary to use sound discretion in setting the terms and conditions for judicial sales.")), *report and recommendation adopted*, No. 1:15-CV-00895-BRB-LF, 2016 WL 3523839 (D.N.M. May 26, 2016); *see also United States v. Nipper,* No. CIV. 11-460 WJ/LFG, 2015 WL 4664921, at *1 (D.N.M. July 2, 2015) ("Under 28 U.S.C. § 2001(a), the Court may set the terms and conditions of a sale of real property that is sold under any decree or order of the Court.").

**ACCORDINGLY**, the Court proposes the following **FINDINGS** be made:

1. Plaintiff/Counter-Defendant RH Fund 28, LLC and Defendant/Counter-Plaintiff/Cross-Plaintiff Robert R. Munro--but not by Defendants/Cross-Defendants Robert S. O'Niell and Hidden Canyon, LLC--have agreed to the Court's entry of a FINAL JUDGMENT OF FORECLOSURE AND ORDER FOR SALE in substantially the same form as shown in the attached Exhibit A.

2. O'Niell and Hidden Canyon were given notice of the proposed FINAL JUDGMENT OF FORECLOSURE AND ORDER FOR SALE in substantially the same form as shown in the attached Exhibit A by virtue of their counsel having been served with a copy by email dated January 3, 2025.

3. The deadline for O'Niell and Hidden Canyon to file any objections to the proposed FINAL JUDGMENT OF FORECLOSURE AND ORDER FOR SALE was January 15, 2025. (Doc. 93).

4. The aforementioned January 15, 2025 deadline has passed without either O'Niell or Hidden Canyon having filed any objections.

5. O'Niell and Hidden Canyon should be deemed to have consented to entry of the FINAL JUDGMENT OF FORECLOSURE AND ORDER FOR SALE attached as Exhibit A due to their failure to file and serve a response in opposition within the time prescribed for doing so. *See* D.N.M. LR-Civ. 7.1(b).

6. Independent of O'Niell's and Hidden Canyon's failure to respond, the terms of the FINAL JUDGMENT OF FORECLOSURE AND ORDER FOR SALE attached as Exhibit A are fair and reasonable.

7. **BASED ON THE ABOVE PROPOSED FINDINGS, THE UNDERSIGNED RECOMMENDS:**

   a. That the Court find that the Objections filed by O'Niell and Hidden Canyon to Munro's earlier proposed final judgment in foreclosure and order of sale (Doc. 67), *see* (Docs. 74 and 75), have been rendered moot by Munro's superseding proposed Final Judgment of Foreclosure and Order For Sale in substantially the same form as shown in the attached Exhibit A, served on O'Niell and Hidden Canyon on January 3, 2025 and to which O'Niell and Hidden Canyon have not filed any objection or other response;

   b. That the Court deny as moot Munro's "Motion For Summary Judgment On Counterclaim Against Plaintiff [RH]" (Doc. 70) due to Munro's purchase of RH's superior mortgage lien on the Subject Property and RH's agreement on January 3, 2025 to entry of a Final Judgment of Foreclosure and Order For Sale in substantially the same form shown in the attached Exhibit A;

   c. That the Court enter a Final Judgment of Foreclosure and Order For Sale in the form shown in the attached Exhibit A.

IT IS SO ORDERED this 11th day of February, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RH FUND 28, LLC,

Plaintiff,

v.　　　　　　　　　　　　　　　　　　　No. 1:23-CV-01023-SMD-KRS

ROBERT S. O'NIELL, HIDDEN CANYON, LLC,
RSO 1, LLC, and ROBERT R. MUNRO,

Defendants,

and

ROBERT R. MUNRO,

Counter-Plaintiff & Cross-Claimant,

v.

RH FUND 28, LLC,

Counter-Defendant,

v.
ROBERT S. O'NIELL, HIDDEN CANYON, LLC, and RSO 1, LLC,

Cross-Defendants.

**FINAL JUDGMENT OF FORECLOSURE AND ORDER FOR SALE**

This matter is before the Court pursuant to (1) the partial summary judgment granted in favor of RH Fund 28 LLC ("RH") on its claims for damages and foreclosure against Defendants Robert S. O'Niell ("O'Niell") and Hidden Canyon LLC ("Hidden Canyon") by Order dated October 17, 2024 (ECF No. 90) (the "RH Order"); and (2) the summary judgment granted to Defendant Robert Munro ("Munro") on his cross-claim for foreclosure against O'Niell and Hidden

10

Canyon by Order dated August 8, 2024 (ECF No. 65) (the "Munro Order"). Having considered the RH Order, the Munro Order, both of which are incorporated herein, and having considered further evidence presented by the parties (the Amended Declaration of J. Douglas Foster, ECF No. 94),

**THE COURT FINDS**:

1. This Final Judgment of Foreclosure and Order for Sale solely addresses the property sometimes referred to in the pleadings as "the O'Niell Mortgaged Property," which consists of property sometimes described as 7016 B Second Street, NW, sometimes described as 110 Eva Rose Pl., NW, and more particularly described as Tract C-2A, being a Replat of Tracts C-2 and C-3, G.H.S. Subdivision, as shown in the Plat recorded as Instrument Number 2022103528 in the Plat Records of Bernalillo County on December 2, 2022," which the Court will hereinafter refer to as "the Subject Property." The Court will not at this time address the property referred to in the pleadings as the "RSO Mortgaged Property."

2. Munro has acquired the position previously held by RH with respect to the Subject Property (ECF No. 94), and Munro is entitled to exercise the rights that previously accrued to RH with respect to the Subject Property.

### The RH 2016 and 2020 Mortgages Liens

3. By virtue of the Court's previous determination that "O'Niell materially breached and defaulted on" the 2016 and 2020 Notes and Mortgages relating to the Subject Property, and that RH "is entitled to foreclose on" the Subject Property (ECF No. 90 at 9, 13), together with Munro's acquisition of RH's position, Munro is now entitled to foreclose on the 2016 and 2020 Mortgages.

4. The amount due on the 2016 and 2020 Notes and Mortgages as of December 6, 2024, is $429,413.18, plus default daily interest of $100.45 per day (ECF No. 94 ¶ 9).

5.By virtue of Munro's acquisition of RH's position (*id.* ¶ 8), Munro is entitled to recover in foreclosure of the 2016 and 2020 Mortgages the sum of $429,413.18, plus default daily interest of $100.45 per day from December 6, 2024, to the date of the foreclosure sale.

6.Pursuant to the 2016 and 2020 Mortgages the redemption period for any person or entity holding a right of redemption is thirty (30) days. As provided in NMSA 39-5-18, the redemption period runs from the filing in the Office of the Clerk the Court's Order Confirming the Special Master's Report.

### Munro's Judgment Lien

7.By virtue of the Court's previous determination that Munro's state court judgment against O'Niell and recording of a Transcript of Judgment created a valid judgment lien on the Subject Property, Munro is now entitled to foreclose that lien. (ECF No. 65 at 3, 15, 17.)

8.Munro's judgment lien is junior and subordinate to the mortgage liens also held by Munro after the transfer from RH.

9.The amount still due on the state court judgment against O'Niell and secured by Munro's judgment lien as of December 31, 2024, is $7,099,632.86, plus interest of $2,342.47 per day from December 31, 2024, until final payment of the judgment (ECF No. 94 ¶¶ 4, 6).

10.Munro is entitled to recover in foreclosure of his judgment lien the sum of $7,099,632.86, plus daily interest of $2,342.47 per day from December 31, 2024, to the date of the foreclosure sale, reduced by any amount Munro collects on the state court judgment prior to that sale.

11.Since the 2016 and 2020 mortgages that limit the redemption period to thirty (30) days are senior to Munro's judgment lien, the thirty (30) day right of redemption applies to any redemption from the foreclosure sale.

12. O'Niell currently has a pending appeal of the state court judgment, and the foreclosure of Munro's state court judgment lien is subject to whatever rights O'Niell and Hidden Canyon may have in the event the state court judgment is reversed. However, the foreclosure of Munro's mortgage liens acquired from RH and sale of the Subject Property based thereon are not affected by the outcome of O'Niell's appeal.

### Application of Fed. R. Civ. P. 54(b)

13. The Court's prior rulings and rulings herein, together with Plaintiff's assignment of rights to Munro, dispose of all of Plaintiff's claims against Munro, dispose of all of Munro's claims, and dispose of all of Plaintiff's claims against all Defendants with respect to the Subject Property. The only claims remaining are Plaintiff's claims relating to entirely different property based on entirely different contractual agreements that did not involve Munro. Because Munro's "rights and liabilities in this action have been finally decided ... the finality requirement of Rule 54(b) has been satisfied." *Border Area Mental Health, Inc. v. United Behavioral Health, Inc.*, CV 16-1213 MV/SCY (D.N.M. Apr 18, 2019). Because Plaintiff's remaining claims are "separable" from the claims here disposed of, and "the nature of the [remaining] claims" is such that "no appellate court would have to decide the same issues more than once even if there were subsequent appeals," there is no just reason for delay in the entry of a final judgment for Munro. *Id.*

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** as follows:

1. Judgment is rendered in favor of Munro on the 2016 and 2020 mortgage liens on the Subject Property in the amount of $429,413.18, plus default daily interest of $100.45 per day from December 6, 2024, to the date of the foreclosure sale, and such mortgage liens are hereby foreclosed.

2.	Judgment is rendered in favor of Munro on the state court judgment lien on the Subject Property in the amount of $7,099,632.86, plus daily interest of $2,342.47 per day from December 31, 2024, to the date of the foreclosure sale, reduced by any amount Munro collects on the state court judgment prior to that sale, and such state court judgment lien on the Subject Property only is hereby foreclosed.

3.	The interests in the Subject Property of O'Niell, Hidden Canyon, and any person or entity claiming by, through, or under any of them are hereby foreclosed, and their rights in and to the Subject Property are forever barred, except as to their thirty (30) day right of redemption, plus whatever rights they may have with respect to foreclosure of Munro's state court judgment lien in the event the state court judgment is reversed on appeal.

4.	The Subject Property will be sold at public auction for cash or immediately available funds or credit bid in accordance with the orders of this Court and the laws of New Mexico governing foreclosure, and Matthew M. Spangler Esq. and the firm Spangler, Pacheco & Werbelow is appointed as Special Master to advertise and conduct such auction; the Special Master will determine the time and place of such auction, which may be postponed by the Special Master as he or she deems appropriate; and the Special Master is authorized to rely on the affidavit or declaration of Munro or his representative regarding the amount still due to Munro by virtue of the 2016 and 2020 Notes and Mortgages and Munro's state court judgment at the time of the foreclosure sale.

5.	The proceeds of the sale shall be applied as follows: (a) the costs associated with conducting the sale including fees to the Special Master; (b) to Munro up to the balance of his judgment on the 2016 and 2020 Notes and Mortgages as of the time of sale; (c) to Munro up to the

balance of his state court judgment as of the time of sale; (d) any excess beyond payment of the foregoing amounts as determined by further order of this Court.

6. Munro may purchase the Subject Property at the sale by bidding the amount of this Judgment on the 2016 and 2020 mortgage liens, in whole or in part, in lieu of cash.

7. Munro may purchase the Subject Property at the sale by bidding the amount of this Judgment on the state court judgment lien, in whole or in part, in lieu of cash.

8. If Munro purchases the Subject Property at the sale by bidding all or a portion of his Judgment herein, and if any person or entity exercises the statutory right of redemption, such person or entity must pay Munro in cash the amount called for in § 39-5-18(A)(1).

9. The Sheriff of Bernalillo County is authorized to assist the purchaser at the sale in obtaining possession of the Subject Property after sale by writ of assistance or otherwise.

10. With respect to the Subject Property and the rights of each of the parties therein, there is no just reason for delay and this Judgment and Order constitutes a final judgment under Fed. R. Civ. P. 54(b). Any remaining claims between the Plaintiff and Defendants regarding property other than the Subject Property are reserved for further proceedings.

                                                                    _____
                                                                    United States District Judge

**Submitted by:**                                   **Approved:**
/s/ J. Douglas Foster                              /s/ David Mirazo
Attorney for Robert Munro                    Attorney for RH Fund 28 LLC